Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Demandante<br><br>v.<br><br>SUCESIÓN DE RODOLFO SANTOS RODRÍGUEZ COMPUESTA POR KENNETH RODOLFO SANTOS CAQUIAS, SUCESIÓN DE RODOLFO SANTOS RODRÍGUEZ COMPUESTA POR HEREDERO A Y HEREDERO B, SUCESIÓN DE VALERIE MARIE SANTOS ROSARIO COMPUESTA POR ZURISADAI FIGUEROA SANTOS Y OTROS<br><br>Demandados<br><br>LCDO. MILTON CRUZ TORRES<br><br>Peticionario | TA2026CE00237 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV01830<br><br>Sobre: Cobro de Dinero – Ordinario; Ejecución de Hipoteca; Propiedad Residencial |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de febrero de 2026.

Comparece el licenciado Orlando J. Rodríguez Torres (en adelante, Lcdo. Rodríguez Torres), designado representante legal de oficio de la Sucesión de Valerie Marie Santos Rosario, compuesta por Zurisadai Figueroa Santos, mediante una *Petición de certiorari*, para solicitarnos la revisión de la *Orden* emitida el 13 de febrero de 2026, y notificada el día 17 del mismo mes y año, por el Tribunal de

Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Orden* recurrida, el tribunal de instancia denegó la solicitud de relevo de representación legal de oficio incoada por el Lcdo. Rodríguez Torres.

Por los fundamentos que expondremos, se *expide* el auto de *Certiorari* y se *revoca* la *Orden* recurrida.

I

La controversia de marras inició, el 12 de febrero de 2026, cuando la primera instancia judicial emitió una *Orden de asignación de oficio* a favor de la Sucesión de Valerie Marie Santos Rosario, compuesta por Zurisadai Figueroa Santos.[2] Dicha *Orden* fue notificada el 13 de febrero de 2026.[3] Precisa señalar que, de la referida *Orden*, no se desprende con claridad si el Lcdo. Rodríguez Torres fue designado como representante legal de oficio o como representante legal auxiliar en la cuestión.

En la misma fecha en que fue notificada la antedicha *Orden*, compareció el Lcdo. Rodríguez Torres mediante *Moción solicitando relevo de designación como abogado de oficio*.[4] Esgrimió y explicó que existía un claro conflicto de interés personal, ético y profesional que le impedían fungir como representante legal de oficio en este caso. Dado a lo anterior, solicitó ser relevado de dicha designación.

En respuesta, mediante *Orden* emitida el 13 de febrero de 2026, notificada el 17 del mismo mes y año, el foro *a quo* declaró la solicitud *No Ha Lugar* y ordenó al Lcdo. Rodríguez Torres a reunirse con su representada en el término de diez (10) días.[5]

En desacuerdo con lo resuelto, el 18 de febrero de 2026, el Lcdo. Rodríguez Torres interpuso una *Moción de reconsideración de orden sobre solicitud de relevo de designación como abogado de*

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI,) a la Entrada Núm. 65.
[2] SUMAC TPI, a la Entrada Núm. 62.
[3] *Íd.,* a la Entrada Núm. 62.
[4] *Íd.,* a la Entrada Núm. 64.
[5] *Íd.,* a la Entrada Núm. 65.

*oficio.*[6] Adujo haber presentado una solicitud de relevo de su designación como abogado de oficio al amparo de la Regla 9(b) del Reglamento para la Asignación de Abogadas y Abogados de Oficio de Puerto Rico.[7] En esencia, argumentó nuevamente que existían conflictos por intereses personales y éticos que le impedían asumir la representación la Sucesión de Valerie Marie Santos Rosario, compuesta por Zurisadai Figueroa Santos. A tenor, solicitó por vía de reconsideración que se le relevara de la representación legal de oficio.

En respuesta, mediante *Orden* emitida el 18 de febrero de 2026, notificada al día siguiente, el foro de instancia declaró *No Ha Lugar* la solicitud presentada por el Lcdo. Rodríguez Torres.[8]

Insatisfecho con lo actuado, el 24 de febrero de 2026, compareció ante nos el Lcdo. Rodríguez Torres mediante una *Petición de certiorari* en la cual esbozó el siguiente señalamiento de error:

> EL SUSCRIBIENTE ENTIENDE QUE EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL EVALUAR EL INTER[É]S PROPIETARIO DEL SUSCRIBIENTE COMO ACCIONISTA, CLIENTE E INQUILINO DE LA PARTE DEMANDANTE Y QUE ESA RELACIÓN CREA UN CONFLICTO DE INTER[É]S PERSONAL, [É]TICO Y PROFESIONAL QUE LE INHABILITA PARA REPRESENTAR A LA PARTE DEMANDADA.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[9] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

---

[6] SUMAC TPI, a la Entrada Núm. 66.
[7] Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico del 12 de otubre de 2018, 4 LPRA Ap. XXXVIII, según enmendado.
[8] SUMAC TPI, a la Entrada Núm. 67.
[9] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

II

## A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[10] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[11]
>
> [...].[12]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.
>
> [...].[13]

---

[10] 32 LPRA Ap. V, R. 52.1.
[11] *Íd.*
[12] *Íd.*
[13] *Íd.*

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[14] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[15] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[16] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[17] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [18]

Igualmente, el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe interferir con los Tribunales de Primera

---

[14] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[15] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[16] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[17] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

[18] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[19]

### B. Reglamento para la Asignación de Abogados de Oficio

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico se promulgó "en virtud del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar la profesión de la abogacía en Puerto Rico y establecer los procedimientos necesarios para facilitar la sana administración de la justicia [. . .]".[20] Esto, pues, "[r]ecae sobre el Estado el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Articulo II, Sección 1 de nuestra Constitución.[21] Siendo así, mediante este reglamento, se implementó un sistema de asignaciones de oficio para procedimientos, tanto de naturaleza civil como penal, en los tribunales de Puerto Rico.[22]

Una vez se determine la indigencia de una persona, el tribunal realizará la asignación de representación legal a través del Módulo de Asignaciones de oficio;[23] designando, en primer término, los abogados que voluntariamente solicitaron estar entre los primeros turnos del banco de oficio.[24] Agotados esos voluntarios, el Tribunal seleccionará al abogado o abogada que esté próximo en turno, según su antigüedad y zona judicial.[25] Seleccionado el abogado o abogada a través del referido módulo, se le notificará electrónica o

---

[19] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[20] Regla 1 del Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*
[21] *Íd.*
[22] *Íd.*
[23] *Íd.*, Regla 8 (c).
[24] *Íd.*, Regla 8 (c) (1).
[25] *Íd.*, Regla 8 (c) (2).

telefónicamente en un periodo que no exceda veinte cuatro (24) horas.[26] El abogado o abogada seleccionado debe asumir la representación legal del indigente desde su notificación.

Ahora bien, cuando un abogado o abogada de oficio entienda que no puede asumir la representación legal por un conflicto ético debe advertirlo inmediatamente, para que se dirima este asunto por otro juez o jueza.[27] Así, pues, se celebrará una vista *ex parte* confidencial, dentro de un término que no exceda cinco (5) días.[28] Celebrada la vista, el jugador deberá, en un término no mayor de dos (2) días, resolver si existe o no justa causa para no asumir representación legal o solicitar relevo por razones éticas o por conflicto de interés, según aplique.[29]

### III

Según hemos reseñado, en el recurso ante nos ha comparecido el Lcdo. Rodríguez Torres luego de haber quedado insatisfecho con el curso decisorio del foro de instancia tras denegar su solicitud de ser relevado como representante legal de oficio. Esgrime, en síntesis, que el foro *a quo* erró al evaluar la solicitud de relevo de designación como representante legal de oficio y nos solicita que se revoque la *Orden* recurrida.

Conforme expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[36] Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que le concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla

---

[26] Regla 8 (f) del Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*
[27] *Íd.,* Regla 8 (g).
[28] *Íd.*
[29] *Íd.*

en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[37] También, podremos intervenir cuando se demuestre que el referido foro actuó con perjuicio, parcialidad, abuso de su discreción o se equivocó en la interpretación de alguna norma procesal o de derecho sustantivo.[38]

Luego de haber repasado el marco doctrinal, así como la totalidad del expediente ante nuestra consideración, hemos acordado expedir el auto de *certiorari* ante nuestra consideración. Dicho lo anterior, vemos que en el recurso de *certiorari*, el Lcdo. Rodríguez Torres razona que debe ser relevado de su designación como representante legal de oficio y a esos fines, interpuso un escrito con su ruego. En respuesta, el foro de instancia sin más denegó su pedimento, decisión que también fue refrendada posteriormente al resolver la solicitud de reconsideración presentada por el letrado.

Según expusimos en nuestra exposición doctrinal previa, tal como ocurrió en este caso, cuando un abogado o abogada de oficio entienda que no puede asumir la representación legal por un conflicto ético debe advertirlo inmediatamente. Esto, para que este asunto se dirima por otro juez o jueza.[30] De inmediato, se debe celebrar una vista *ex parte* confidencial, dentro de un término que no exceda cinco (5) días.[31] Subsiguientemente, el juzgador deberá, en un término no mayor de dos (2) días de celebrada la vista, resolver si existe o no justa causa para no asumir representación legal o solicitar relevo.[32]

Visto lo cual, es claro que el foro de instancia se apartó de nuestro ordenamiento jurídico al momento de recibir y atender la solicitud de relevo de designación como representante legal de oficio,

---

[30] Regla 8 (g) del Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*.
[31] *Íd.*
[32] *Íd.*

lo que claramente constituye un error que amerita nuestra intervención. A tenor, colegimos que procede revocar la orden mediante la cual se denegó el relevo de designación de representante legal de oficio sin antes haberse referido la solicitud cónsona al Reglamento,[33] así como la correspondiente celebración de vista en el término reglamentario. Forzoso es concluir que procede devolver el caso a la primera instancia judicial para que, sin dilación alguna, proceda a referir el caso a un juez o una jueza distinta a la que preside los procesos en este caso y celebre la correspondiente vista para determinar si existe o no justa causa para ser relevado de la designación de representante legal de oficio.

IV

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se *revoca* la *Orden* recurrida. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos, cónsono a lo dispuesto en esta *Sentencia*, sin necesidad de que se haya recibido el mandato.[34]

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[33] Regla 8 (g) del Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*.

[34] Al amparo de la Regla 35 (A) (1) de nuestro Reglamento la primera instancia judicial puede proceder con lo aquí resuelto sin que tenga esperar por el mandato. *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 55.